UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-201-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEXTER BROADNAX, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion for Updated Docket Sheet and Sentencing Transcripts [DE-127] filed by Dexter Broadnax ("Broadnax"). On January 5, 2011, Broadnax was sentenced before this court after having been found guilty of multiple counts of robbery and possession and use of firearms. In the instant motion, Broadnax seeks an updated copy of the docket sheet and sentencing transcripts. As Broadnax has not indicated a willingness nor an ability to pay for the production of the updated docket sheet and sentencing transcripts, the court will interpret Broadnax's motion as a request for these documents free of charge.

Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense. Section 753(f) provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See United States v. MacCollum*, 426 U.S. 317, 323-30 (1976); *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975).

Upon consideration, Broadnax's Motion for Updated Docket Sheet and Sentencing Transcripts [DE-127] is ALLOWED IN PART and DENIED IN PART. As to the sentencing transcripts, Broadnax fails to provide any "particularized need." In fact, Broadnax provides no explanation justifying his need for the sentencing transcripts. Therefore, Broadnax's request for the sentencing transcripts is DENIED. As for the docket sheet, Broadnax's request is ALLOWED as this document falls outside of the realm of official court transcripts. The Clerk of Court is DIRECTED to send Broadnax a copy of the latest docket sheet.

SO ORDERED.

This, the 21st day of April, 2011.

JAMES C. FOX
Senior United States District Judge