IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00201-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEXTER BROADNAX, | ) | |
| Defendant. | ) | |

Dexter Broadnax has filed a Motion For Trial & Sentencing Transcripts [DE-155] seeking a copy of his trial and sentencing transcripts at no cost to him. On January 5, 2011, Broadnax was sentenced before this court after having been found guilty of multiple counts of robbery and possession and use of firearms. On April 18, 2011, he filed a Motion for Updated Docket Sheet and Sentencing Transcripts [DE-127], which the court allowed in part in denied in part by denying his requests for transcripts and allowing his request for an updated docket sheet. On January 13, 2012, defendant filed yet another Motion for an Updated Docket Sheet; Trial Transcripts and Sentencing Transcripts [DE-140]. The court denied his requests for transcripts and allowed his request for an updated docket sheet.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the

suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a particularized need for the documents. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 323-30 (1976).

Here, Broadnax has not stated any need for the documents. Rather, he merely states that his counsel denied him of his need to have them. Based on this explanation, the court is unable to find that Broadnax has sufficiently stated a particularized need for his trial and sentencing transcripts. Accordingly, Broadnax's Motion For Trial & Sentencing Transcripts [DE-155] is DENIED.

SO ORDERED.

This, the 5th day of February, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge

2