IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00201-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEXTER BROADNAX, | ) | |
| Defendant. | ) | |

This matter is before the court on Dexter Broadnax's January 6, 2015 letter motion [DE-186]. In his motion, Broadnax requests a copy of the court's docket sheet and his sentencing transcript.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

Broadnax has requested a copy of this court's docket sheet, and this request shall be ALLOWED. The Clerk of Court is DIRECTED to mail Broadnax a copy of the docket sheet. With respect to his request for his sentencing transcript, Broadnax has failed to state a particularized need. Thus, Broadnax's request for a free copy of the transcript from his sentencing hearing is DENIED. Broadnax is entitled to a copy of the transcript at a cost. The Clerk is DIRECTED to provide Broadnax with information on how he might obtain a copy of his sentencing transcript.

In light of the foregoing, Broadnax's January 6, 2015 letter motion [DE-186] is ALLOWED in part and DENIED in part.

SO ORDERED.

This, the 13 day of January, 2015.

JAMES C. FOX
Senior United States District Judge

2

Case 5:09-cr-00201-FL   Document 187   Filed 01/13/15   Page 2 of 2