IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-201-F
5:13-CV-670-F

| | |
|---|---|
| DEXTER BROADNAX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on September 23, 2013 [DE #164]. The government has moved to dismiss [DE #170] for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment. Petitioner has responded and the government has replied. These matters are referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and that Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On January 29, 2010, a federal jury convicted Petitioner of the following offenses: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); six counts of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1951 (counts two, four, six, eight, ten, and twelve); four counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2 and

924(c) (counts three, five, seven, and nine); and possession of a firearm by a felon and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count fourteen).[1] On January 5, 2011, the court sentenced Petitioner to a 1,308-month term of imprisonment. Petitioner appealed his sentence. On July 5, 2012, the Fourth Circuit Court of Appeals issued a mandate affirming Petitioner's sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts eight arguments in support of his § 2255 motion: (1) Petitioner's trial counsel was ineffective for failing to object to the use of prior convictions relied upon to enhance his sentence pursuant to the Armed Career Criminal Act ("the ACCA"); (2) Petitioner's sentence violates the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (3) Petitioner's trial counsel was ineffective for failing to submit the prosecution's case to a meaningful and adversarial testing; (4) his trial counsel was ineffective for failing to "understand [Petitioner's] only viable defense, fail[ing] to interview witnesses, or submit a proposed jury instruction; (5) trial counsel was ineffective for failing to give notice of an alibi defense; (6) counsel was ineffective for failing to request a continuance to secure witnesses and other requested material; (7) counsel was ineffective for failing to offer instructions on a lesser included sentence; and (8) the sentencing enhancements for obstruction of justice and use of firearms were not proper under *Alleyne*. (Pet'r's Mot. to Vacate [DE #164]). Thus, he requests that this court vacate his sentence and remand his case for resentencing.

---

[1]Petitioner was found not guilty of two counts of using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence (counts eleven and thirteen).

**I.     Claim Preclusion**

Petitioner's eighth claim – that the court improperly applied the obstruction of justice and use of a firearm enhancements – was raised on direct appeal, and the Fourth Circuit rejected this argument on the merits. Thus, Petitioner may not re-litigate these issues on collateral review. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009) ("[Petitioner] may not circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.").

**II.     *Alleyne***

Petitioner's second argument appears to assert that the presence of a firearm during the commission of a robbery was not properly alleged in the indictment, and thus, the firearm enhancement violates *Alleyne*. However, Petitioner has procedurally defaulted on this claim. Petitioner neither raised this issue nor provided any explanation why it was not raised on appeal. Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Thus, Petitioner is precluded from bringing this claim in a § 2255 motion. Furthermore, *Alleyne* does not help Petitioner because it has not been made retroactively applicable to cases on collateral review. *United States v. Stewart*, 540 Fed. App'x 171, 172 n.1 (4th Cir. 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review").

3

**III.     Ineffective Assistance of Counsel**

Petitioner next argues that his trial attorney was ineffective in the following ways: (1) failing to object to the use of prior burglary convictions to sentence Petitioner under the ACCA; (2) failing to subject the government's case to meaningful adversarial testing; (3) failing to understand Petitioner's only viable defense, failing to interview witnesses, and failing to submit proposed jury instructions; (4) failing to give notice of an alibi defense; (5) failing to request a continuance to secure witnesses and other materials; and (6) failing to offer instructions of a lesser included offense. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

   **a.     Prior Burglary Convictions**

First, Petitioner contends that his counsel was ineffective for failing to object to the use of his prior burglary convictions as predicates under the ACCA and for failing to investigate and prepare for sentencing. However, Plaintiff's attorney filed several objections to the Presentence Report; one of which was an objection to Petitioner's status as an armed career criminal. The court rejected counsel's objections, finding that the burglary offenses constituted violent felonies within the meaning of the ACCA. (Revised Addendum to Presentence Report [DE #162 at 20]

¶5.) Thus, Petitioner has not demonstrated that his attorney was ineffective in failing to object to the use of the burglary offenses or that he was prejudiced as a result of his attorney's actions.

### b. Meaningful Adversarial Testing

Next, Petitioner asserts that his counsel was ineffective for failing to subject the prosecution's case to meaningful adversarial testing because he failed to cite cases in his argument, called only two witnesses, and had an unreasonable strategy due to the evidence available. Petitioner supports his argument by stating that his attorney's ineffectiveness is reflected in Petitioner's decision to go to trial and subject himself to 109 years' imprisonment. Petitioner purports that such a decision was irrational given the circumstances. Petitioner does not cite what evidence made his counsel's strategy unreasonable, nor does he provide any facts to call into question the voluntariness of his not guilty plea. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that the truth of a defendant's sworn statements during a plea colloquy are conclusively established absent extraordinary circumstances). Moreover, counsel's decision not to cite cases in his argument to the jury and to call Petitioner's mother and state defense attorney as witnesses are strategic decisions that should not be second-guessed by the court. *See Hamilton v. United States*, No. 7:10-CR-117-H, 7:13-CV-189-H, 2014 WL 6977757, at *2 (E.D.N.C. Dec. 9, 2014).

### c. Viable Defense, Witnesses, and Jury Instructions

Petitioner also contends that his counsel was ineffective for failing to understand Petitioner's only viable defense,[2] failing to interview witnesses, and failing to submit proposed jury instructions. However, the record indicates counsel submitted proposed jury instructions before trial. Petitioner does not include facts demonstrating that his attorney did not interview

---

[2] Petitioner appears to contend elsewhere in his memorandum that his only viable defense was an alibi.

5

witnesses, and this claim is nothing more than an unsupported, conclusory allegation, which does not entitle Petitioner to relief under § 2255. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). As set forth below, Peitioner has also failed to demonstrate that his attorney was ineffective for failing to raise an alibi defense.

### d. Notice of Alibi Defense

In his fifth claim, Petitioner claims that his attorney was ineffective for failing to give notice of an alibi defense. Co-defendant Terrell Cooke originally wrote a letter indicating Petitioner was at a motel with a woman at the time of the robberies. (Trial Transcript [DE #134] at 78-79.) However, Cooke then wrote a second letter that Petitioner had pressured him into writing the first letter and testified against Petitioner at trial. (Trial Transcript [DE #134] at 81-89.) Counsel's choice not to file a notice of an alibi defense was a strategic decision that the court should not second guess. Other than his statement that counsel did not file a notice of alibi defense, Petitioner has not demonstrated how his counsel's actions were unreasonable or how he was prejudiced by those actions.

Petitioner's sixth claim also pertains to Petitioner's purported alibi defense. Petitioner asserts that his attorney was ineffective for failing to request a continuance to secure witnesses and other material to support Petitioner's alibi defense after the prosecution filed a motion for notice of alibi defense. As explained directly above, this was a strategic decision on the part of counsel, and Petitioner has not demonstrated how his attorney's actions were unreasonable given the evidence pertaining to Cooke.

### e. Lesser Included Offense and Motion to Sever

Lastly, Petitioner contends his counsel was ineffective for failing to submit an instruction for a lesser included offense and did not move to sever the charges. Petitioner does not submit

6

facts establishing that his attorney was ineffective for failing to submit an instruction for a lesser included offense, nor does he show a reasonably probability that the court would have given such an instruction or that the jury's verdict would have been different had such an instruction been given. Thus, this claim should be dismissed. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004).

Petitioner states his attorney was ineffective for failing to file a motion to sever the charges because Petitioner could have provided testimony pertaining to certain charges, but needed to be shielded from testifying concerning other charges. Federal Rule of Criminal Procedure 14(a) provides: "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, . . . or provide any other relief that justice requires." Rule 8 of the Federal Rules of Criminal Procedure provides for the joinder of offenses and has been interpreted broadly for the purpose of promoting judicial economy. *See United States v. Branch*, 537 F.3d 328, 340-41 (4th Cir. 2008) (affirming joinder of drug and firearms charges resulting from vehicle stop and "factually related" drug charges from a prior arrest on the ground that all the charges stemmed from "episodes of cocaine base possession or distribution within a period of two months"). "[J]oinder under Rule 8(a) can be proper and, at the same time, severance can be required." *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005). As the Fourth Circuit has noted, such cases are rare. It is only where "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence" that severance is required. *Id.* at 387 (quoting *United States v. Zafiro*, 506 U.S. 534, 539 (1993)). "The party seeking severance bears the burden of demonstrating 'a strong showing of prejudice.'" *Id.* at 341 (quoting *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984)).

7

Here, the superseding indictment charged Petitioner and his co-defendants with offenses relating to Hobbs Act robberies that occurred between September 19, 2008, and September 23, 2008. Each offense would have required the same testimony from the same witnesses and would have resulted in the presentation of repetitive evidence. As such, joinder was appropriate, and Petitioner has not shown that "requiring him to defend against the joined offenses in the same trial resulted in 'clear prejudice.'" See Cardwell, 433 F.3d at 388. He merely states that he would have testified, but does not indicate the testimony he would have provided or how it could have resulted in a different outcome at trial. As such, Petitioner's claim that his attorney was ineffective in failing to request severance should be denied.

## IV. Miscellaneous Claims

In pages attached to his motion to vacate, Petitioner lists additional claims of ineffective assistance of counsel, stating that his attorney: (1) "failed to properly preserve errors"; (2) "failed to file necessary pre-trial motions"; (3) "failed to send investigator after being given information as to [Petitioner's] where abouts [sic] on the dates of the alleged robberies"; (4) "failed to impeach witnesses"; (5) "failed to object to 404(b) evidence"; (6) "failed to obtain records of [Petitioner's] prior incarceration to rebut prosecutor's argument during sentencing phase;" and (7) "failed to recommend movant plea[d] guilty and seek substantial assistance." (Pet'r's Mot. to Vacate [DE #164] at 21.) With respect to these alleged deficiencies, Petitioner provides no facts or evidence from which the court may assess the reasonableness of his attorney's actions or the impact of his attorney's performance on the outcome of Petitioner's case. Petitioner states that a supplemental brief would be filed addressing these claims, but no such brief was filed. Rather, Petitioner's claims are unsupported, conclusory allegations, which do not entitle Petitioner to

8

relief under § 2255. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). Even given the liberal interpretation afforded pro se petitions, these claims fail.

**V.      Failure to File Petition for Writ of Certiorari**

While Petitioner does not include as one of his claims for ineffective assistance of counsel that his appellate attorney failed to file a petition for writ of certiorari, he states in his motion that he requested his attorney file a petition for writ of certiorari, but his attorney "cla[i]med [he] had no appealable issues and withdr[e]w himself from [Petitioner's] case." Out of an abundance of caution, the undersigned addresses the above as a claim of ineffective assistance of counsel.

Generally, a defendant has no constitutional right to the assistance of counsel to pursue a petition for writ of certiorari. *See Wainwright v. Torna*, 455 U.S. 586 (1982). However, where the court rules define the duties of an appellate attorney regarding certiorari, counsel's failure to comply with such rules can provide a basis for a claim of ineffective assistance of counsel under *Strickland*. *See United States v. King*, 11 Fed. App'x 219, 220-21 (4th Cir. 2001) (unpublished). Appellate counsel is required to inform a defendant of his right to petition the Supreme Court for certiorari review and to file a petition for writ of certiorari "[i]f the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review." Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, Part V, § 2 (October 1, 2008). The rule provides that if "counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw from this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari." *Id.*

9

Here, Petitioner states that after Petitioner requested that his attorney file a petition for writ of certiorari, his attorney informed him that there were no appealable issues. His attorney then filed a motion to withdraw from Petitioner's case, stating that filing a petition for writ of certiorari would be frivolous and there were no issues present that would meet the Supreme Court's certiorari standards. Counsel acted within the purview of the rules in not filing a petition for writ of certiorari and filing a motion to withdraw from the case. Thus, counsel was not ineffective and this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's Motion to Dismiss [DE #170] be GRANTED, and Petitioner's Motion to Vacate [DE #164] be DISMISSED for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until December 17, 2015, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district

judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 30th day of November 2015.

KIMBERLY A. SWANK
United States Magistrate Judge