IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00201-F-1
No. 5:13-CV-00670-F

| | |
|---|---|
| DEXTER BROADNAX, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") [DE-191] of United States Magistrate Judge Kimberly A. Swank, regarding Dexter Broadnax's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-164]. Also before the court is the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-170]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss [DE-170] is ALLOWED, and Broadnax's Motion to Vacate [DE-164] is DISMISSED.

**I. Legal Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a

*de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II. Discussion

In his sole objection[1], Broadnax alleges that his trial attorney provided ineffective assistance of counsel by failing to call witnesses on his behalf.[2] Objections [DE-194] at 1. Broadnax further alleges that his attorney's actions subjected him to an enhanced sentence. *Id.*

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[1] Broadnax advances additional disjointed thoughts, but the court can only discern one objection.

[2] Broadnax fails to state what witnesses his attorney should have called and what these witnesses would have said on the stand that would have been beneficial to his case. Objections [DE-194] at 1.

2

different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

The presumption of reasonableness in *Strickland* is particularly difficult to overcome in a claim of ineffectiveness for failing to call a witness, "given that the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (quotation and punctuation omitted). The court concludes that Broadnax has failed to sufficiently allege deficient performance by his attorney because his attorney's decision not to call a specific witness falls within the broad deference accorded to defense counsel's decision regarding whether or not to call witnesses. Thus, this claim fails under the first prong of the *Strickland* standard.

Even if Broadnax had sufficiently alleged deficient performance by his attorney, his conclusory claim that the failure to call these witnesses led to him receiving an enhanced sentence fails to sufficiently state prejudice under the second prong of the *Strickland* standard. *See Terry*, 366 F.3d at 316 ("[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*."). Consequently, this claim fails under both prongs of the *Strickland* standard.

### III. Conclusion

Upon careful review of the M&R and of the record generally, and having found no clear error, the court hereby ADOPTS the recommendation of the Magistrate Judge. It is therefore ORDERED that the Government's Motion to Dismiss [DE-170] is ALLOWED, and Broadnax's Motion to Vacate [DE-164] is DISMISSED.

3

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This, the 20 day of January, 2016.

_____
JAMES C. FOX
Senior United States District Judge