IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-201-FL-1
NO. 5:16-CV-535-FL

| | |
|---|---|
| DEXTER BROADNAX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 210, 213, 217, 264) and for clarification (DE 263), and respondent's motions to dismiss (DE 258, 265) and to stay (DE 269). The issues raised have been briefed fully and are ripe for ruling.

## BACKGROUND

On July 9, 2009, a federal grand jury returned indictment against petitioner and co-defendants alleging Hobbs Act robberies, use of a firearm during crimes of violence, and possession of a firearm by a person previously convicted of a felony. On October 14, 2009, superseding indictment was returned charging petitioner with the following: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); six counts of substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (counts two, four, six, eight, ten, and twelve); six counts of using and carrying a firearm during and in relation to each of the substantive Hobbs Act robberies (counts three, five, seven, nine, eleven, and thirteen); and possession of firearm by a

person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). Petitioner pleaded not guilty to the foregoing offenses and proceeded to jury trial. On January 29, 2010, the jury returned guilty verdicts as to counts one through ten, twelve, and fourteen, and not guilty verdicts on counts eleven and thirteen.

On January 5, 2011, petitioner was sentenced as follows: 1) 324 months' imprisonment on count fourteen; 2) 240 months' imprisonment on counts one, two, four, six, eight, ten, and twelve, to be served concurrently with the sentence in count fourteen; 3) 84 months' imprisonment on count three, to be served consecutively to the sentence in count fourteen; and 4) 300 months' imprisonment on counts five, seven, and nine, to be served consecutively to each other and to the sentence in count three. This produced an aggregate sentence of 1,308 months, effectively life imprisonment. The sentence on count fourteen was imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides for enhanced sentence when the defendant is convicted of possessing a firearm following a felony conviction and he has three qualifying predicate convictions for a crime of violence.

On June 24, 2016, petitioner filed the instant pro se motion to vacate, set aside, or correct sentence, asserting that his § 924(c) convictions in counts three, five, seven, and nine, and his ACCA sentence in count fourteen, should be vacated in light of Johnson v. United States, 576 U.S. 591 (2015). Three days later, petitioner's appointed counsel filed the instant amended motion to vacate asserting that the § 924(c) convictions should be vacated and his career offender designation removed pursuant to Johnson.[1] Counsel's motion, however, neglected to assert a § 2255 claim

---

[1] The record does not reflect that petitioner was sentenced as a career offender. (See, e.g., PSR (DE 162) ¶¶ 32–35, 103).

challenging petitioner's ACCA enhancement in count fourteen. On July 13, 2016, petitioner filed the instant amended pro se motion to vacate on the proper form. Petitioner again raised challenges to both his ACCA sentence and the § 924(c) convictions in the amended pro se motion.

On August 9, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay that same day. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. 139 S. Ct. 2319 (2019).

On July 22, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 16, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims.

On February 4, 2020, respondent filed the instant motion to dismiss petitioner's motions to vacate pursuant to Federal Rule of Civil Procedure 12(b)(6). Respondent moves to dismiss all claims challenging petitioner's § 924(c) convictions, but concedes that petitioner's ACCA sentence should be vacated pursuant to Johnson. In addition, respondent argues the court should "correct" petitioner's sentence by entering an order reducing the sentence on count fourteen to 120 months' imprisonment and three years' supervised release, the statutory maximum sentence

3

without the ACCA enhancement, but otherwise leaving the remaining terms of imprisonment intact.

Petitioner, through counsel, filed response to the motion to dismiss on February 20, 2020. Petitioner argued that his § 924(c) convictions should be vacated but acknowledged that the Fourth Circuit's Mathis opinion foreclosed the argument. Counsel again did not address the ACCA sentence in this filing, even though respondent conceded relief was appropriate on that claim.

On April 3, 2020, petitioner filed the instant pro se motion for clarification, requesting additional information about why he is not entitled to relief as to the § 924(c) convictions. Neither respondent nor petitioner's counsel responded to this pro se filing.

On June 5, 2020, petitioner filed the instant amended motion to vacate through counsel, raising a new claim for relief pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). The amended motion incorporated the prior claims challenging petitioner's § 924(c) convictions and the (non-existent) career offender designation, but again failed to address the ACCA sentence. Respondent moved to dismiss the Rehaif claim on June 26, 2020, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On June 29, 2020, petitioner's counsel filed yet another amended motion to vacate on the correct form, raising the same claims noted above.

Respondent moved to stay the instant § 2255 proceedings on July 16, 2020, pending issuance of the mandate in United States v. Gary, 954 F.3d 194 (4th Cir. 2020), which addressed a Rehaif claim similar to the one presented in petitioner's motion. The following day, petitioner withdrew his June 29, 2020, amended motion to vacate. Petitioner, however, did not withdraw the June 5, 2020, amended motion that raised a similar Rehaif claim. The court therefore held these § 2255 proceedings in abeyance pending issuance of the mandate in Gary. On June 14,

4

2021, the Supreme Court reversed the Fourth Circuit's opinion in Gary. Greer v. United States, 141 S. Ct. 2090 (2021).

On November 24, 2021, petitioner's counsel moved for leave to file supplemental brief finally addressing the ACCA claim. The court granted the motion on November 29, 2021, and petitioner filed the supplemental brief that same day. Therein, petitioner withdraws all his § 2255 claims except the claim challenging his ACCA sentence, and further argues that the court should order plenary resentencing after vacating the ACCA sentence. On December 10, 2021, respondent filed supplemental brief reasserting its argument that the court should "correct" the sentence by reducing the sentence on count fourteen to 120 months but leaving the remaining terms of imprisonment intact.

**DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B. Analysis

   1. Petitioner's Convictions

As noted above, petitioner withdraws all § 2255 claims challenging his § 924(c) convictions and his Rehaif claim challenging the felon in possession of a firearm conviction. (See Suppl. Br. (DE 290) at 1; Notice (DE 270)). This decision was well taken as the claims are without merit. The § 924(c) convictions remain valid notwithstanding Johnson and United States v. Davis, 139 S. Ct. 2319 (2019), where the underlying predicate crimes of violence are all substantive Hobbs Act robberies, and these convictions are crimes of violence under 18 U.S.C. § 924(c)(3)(A) (the "force clause"). See United States v. Mathis, 932 F.3d 242, 263–64 (4th Cir. 2019). And petitioner procedurally defaulted his Rehaif claim by failing to raise it during the underlying criminal proceedings in this court or on direct appeal, and he fails to establish cause or prejudice sufficient to excuse the default. See Greer v. United States, 141 S. Ct. 2090, 2097 (2021); Massarro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998); see also Green v. United States, No. 5:17-CR-363-FL, 2021 WL 6008014, at *2 (E.D.N.C. Dec. 20, 2021); (Resp't Mem. (DE 266) at 1 (raising defense of procedural default)). Accordingly, the motion to dismiss is granted as to the claims challenging petitioner's § 924(c) convictions in counts three, five, seven, and nine, and the Rehaif challenge to the § 922(g) conviction in count fourteen.

   2. ACCA Sentence

The court now turns to petitioner's motion to vacate the ACCA sentence. The ACCA imposes enhanced penalty of 15 years to life imprisonment for defendants convicted of illegal possession of a firearm if the defendant has three prior convictions for a violent felony or serious

6

drug offense. 18 U.S.C. § 924(e). Under the ACCA, a violent felony is "any crime punishable by imprisonment for a term exceeding one year" that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Courts refer to subsection one as the "elements" or "force" clause, the offenses listed in subsection two as the "enumerated offenses" and the final phrase in subsection two – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – as the "residual clause." See United States v. Al-Muwwakkil, 983 F.3d 748, 753 (4th Cir. 2020). In Johnson, the Supreme Court held the residual clause component of § 924(e) is void for vagueness and therefore cannot be used to establish an ACCA predicate conviction. 576 U.S. at 601–02; see also Al-Muwwakkil, 983 F.3d at 753. Johnson also applies retroactively on collateral review. Welch v. United States, 578 U.S. 120 (2016). Petitioner's ACCA sentence, however, would remain valid if his predicate convictions satisfy either the force/elements or the enumerated offense clauses in § 924(e)(2)(B). See United States v. Allred, 942 F.3d 641, 646 (4th Cir. 2019).

Here, the predicate convictions used to establish petitioner's ACCA status were statutory burglary under Virginia Code 18.2-91. (See PSR (DE 162) ¶¶ 27–31, 103; Mot. to Dismiss Ex. 1 (DE 288-1)). Statutory burglary under Virginia law is defined in several related provisions. As relevant here, at the time of respondent's convictions Va. Code 18.2-91 provided that:

> If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, or if any person commits any of the acts mentioned in § 18.2-89 or § 18.2-90 with intent to commit assault and battery, he shall be guilty of statutory burglary, punishable by confinement in a state correctional

7

> facility for not less than one or more than twenty years or, in the discretion of the jury or the court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both. However, if the person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

Va. Code § 18.2-91. Section 18.2-91 therefore "incorporates" the definition of statutory burglary in Va. Code § 18.2-90, which provides that:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any building permanently affixed to realty, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony. However, if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

Va. Code § 18.2-90; see also Castendet-Lewis v. Sessions, 855 F.3d 253, 261 (4th Cir. 2017).

As respondent concedes, the foregoing offenses are not crimes of violence under the ACCA's enumerated offense or force/elements clauses. In United States v. Al-Muwwakkil, the Fourth Circuit held that statutory burglary under Va. Code § 18.2-90 is not a crime of violence under the ACCA's force/elements clause. 983 F.3d at 764. Section 18.2-90 also does not categorically match the elements of generic burglary, thereby precluding reliance on the ACCA's enumerated offense clause. Castendet-Lewis, 855 F.3d at 264; see also Al-Muwwakkil, 983 F.3d at 761 (noting that Castendet-Lewis foreclosed argument that Va. Code § 18.2-90 is a categorical match for generic burglary under the ACCA). Moreover, Castendet-Lewis holds that where Va. Code 18.2-91 "incorporates" the elements of Va. Code § 18.2-90, Va. Code § 18.2-91 cannot qualify as a crime of violence under the ACCA for the same reasons Va. Code § 18.2-90 is not an

8

ACCA crime of violence. See 855 F.3d at 263–64.[2] Accordingly, petitioner's burglary convictions are not valid ACCA predicates, and the motions to vacate are granted as to the ACCA component of the sentence.

Having determined the sentence on count fourteen must be vacated, the court now must decide the appropriate remedy. Under § 2255, the district court may conduct plenary resentencing, discharge the prisoner, or "correct the sentence" without full resentencing. 28 U.S.C. § 2255(b); see also United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007). The remedial provisions of § 2255 "confer[] a 'broad and flexible' power to the district courts to 'fashion an appropriate remedy [after a sentence is vacated].'" United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)).

Respondent argues that the court should "correct" the sentence without plenary resentencing where, as discussed above, petitioner's convictions remain intact post-Johnson and the sentence in count fourteen is the only component of the overall sentence that should be reduced. According to respondent, the court can "correct" the sentence by reducing the sentence in count fourteen to the proper statutory maximum of 120 months' imprisonment and three years' supervised release while leaving the remaining terms of imprisonment intact. (Resp't Mem. (DE 259) at 18–21). Petitioner, by contrast, seeks full resentencing, relying on the "sentencing package" doctrine. This doctrine holds that where one component of the sentencing "package" is vacated, full resentencing on the remaining counts is usually the appropriate remedy. See United

---

[2] In Castendet-Lewis the Fourth Circuit noted that Va. Code § 18.2-91 "also incorporates section 18.2-89," Virginia's "common law" burglary offense, and acknowledged that § 18.2-89 would qualify as generic burglary. 855 F.3d at 262 n.8. This circumstance, however, did not alter the court of appeals' ultimate holding that Va. Code § 18.2-91 does not categorically satisfy the generic definition of burglary. See id. at 264.

9

States v. Smith, 115 F.3d 241, 245 (4th Cir. 1997); see also Dean v. United States, 137 S. Ct. 1170, 1176 (2017) (discussing sentencing package doctrine).

The court exercises its "broad and flexible" discretion to order full resentencing under the circumstances of this case. See Hillary, 106 F.3d at 1171. As discussed above, the majority of petitioner's sentence – 984 of the 1,308 months – was based on the consecutive terms of imprisonment for the § 924(c) convictions, including the mandatory, consecutive terms of 300 months' imprisonment in counts five, seven, and nine. Petitioner would not be subject to this sentence under current law. At the time petitioner was sentenced, a second or subsequent § 924(c) conviction, even if obtained in the same criminal proceeding, required a mandatory sentence of 25 years' imprisonment, consecutive to any other term of imprisonment imposed, for each additional § 924(c) conviction. 18 U.S.C. § 924(c)(1)(A)(C) (2006); Deal v. United States, 508 U.S. 129, 132 (1993).

The First Step Act of 2018 ended this practice of "stacking" consecutive § 924(c) sentences in a single prosecution by requiring that the second or subsequent conviction occur "after a prior conviction under [§ 924(c)] has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222. In other words, "under the First Step Act, . . . the 25-year mandatory minimum [pursuant to § 924(c)(1)(A)(C)] is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020). Thus, as opposed to the consecutive 984 months' term of imprisonment petitioner received at his original sentencing on counts three, five, seven, and nine, the aggregate statutory maximum sentence for these counts under current law is 240 months' imprisonment,

consecutive to any other sentence imposed. 18 U.S.C. § 924(c)(1)(A)(i), (D).³ To the extent these new statutory penalties would apply at a plenary resentencing, this factor weighs in favor of plenary resentencing. At the very least, plenary resentencing affords the parties a full and fair opportunity to litigate the proper statutory sentencing range for the § 924(c) counts following an order granting § 2255 relief.

In connection with the foregoing, the Fourth Circuit has not established in a precedential opinion that the First Sept Act's amendments to § 924(c) apply in the context of resentencing after a successful § 2255 motion. Section 403(b) of the First Step Act provides that the amendments to § 924(c):

> shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>.

132 Stat. at 5222 (emphasis added). In an unpublished but thoroughly reasoned opinion, the Fourth Circuit construed an identical provision in § 401 of the First Step Act to permit application of the revised statutory penalty penalties at resentencing following successful motion to vacate. See United States v. Bethea, 841 F. App'x 544, 548–49 (4th Cir. 2021). Rejecting the government's argument that "a sentence" had been imposed at the time the First Step Act was enacted where the vacatur did not occur until after the Act's enactment, the Fourth Circuit reasoned that "the district court's vacatur [of the sentence] and reentry of judgment nullified [the defendant's] original sentence such that a sentence cannot legally be said to have been imposed

---

³ The jury did not convict petitioner of brandishing the firearms, and therefore under current law the maximum consecutive sentence for each of the four § 924(c) convictions is 60 months' imprisonment, producing an aggregate term of 240 months. 18 U.S.C. § 924(c)(1)(A); Apprendi v. New Jersey, 530 U.S. 466, 491 (2000); (Jury Instructions (DE 135) at 144–149; Verdict Form (DE 75)). In addition, the statutory punishment for count fourteen is not more than 10 years' imprisonment where the ACCA designation has been vacated. 18 U.S.C. § 924(a)(2). The convictions for conspiracy to commit Hobbs Act robberies and the substantive Hobbs Act robberies require a sentence of not more than 20 years' imprisonment. 18 U.S.C. § 1951(a).

[until the new judgment was entered after the Act's enactment]." Id. at 550. In other words, "if Bethea's vacated sentence is a legal nullity, it matters not when that vacatur occurred, because his own only legally effective sentence was imposed after [the Act's] enactment." Id. at 551. Under Bethea's reasoning, any resentencing pursuant to successful § 2255 motion that occurs after enactment of the First Step Act requires application of the current iteration of § 924(c)(1), which as noted prohibits stacking consecutive sentences of 25 years' imprisonment in a single prosecution for subsequent § 924(c) convictions, as occurred in this case.[4]

Respondent's argument that "[e]ach of the § 924(c) convictions in counts three, five, seven, and nine remain intact and those statutory terms of imprisonment will not change" is contrary to Bethea. (Suppl. Br. (DE 291) at 4). Bethea expressly held that the First Step Act's amendments to 21 U.S.C. § 841(b)(1)(A)'s statutory sentencing enhancements should have been "applied" to a "corrected sentence" under § 2255 based on the reasoning discussed above. 841 F. App'x at 552. Thus, if as respondent requests the court merely "corrected" petitioner's judgment by reducing the sentence on count fourteen to 120 months' imprisonment, the court would reduce also the stacked § 924(c) sentences to 240 months in accordance with Bethea. See id. at 552, 556. Given the choice between plenary resentencing and correcting the sentence consistent with Bethea, plenary resentencing allows the government to seek upward variance from the revised Guidelines range by running some or all of the sentences on the substantive Hobbs Act robberies consecutively, to

---

[4] Notably, the United States Court of Appeals for the Sixth Circuit declined to follow Bethea, instead concluding that in circumstances where an active sentence had not been vacated at the time the First Step Act was enacted, "a sentence" had been imposed by the district court on the date of enactment, and therefore later vacatur of the sentence does not permit resentencing under the revised penalties. See United States v. Jackson, 995 F.3d 522, 525–26 (6th Cir. 2021), petition for cert. filed, __ U.S.L.W. __ (U.S. Sept. 28, 2021) (No. 21-5875); see also United States v. Uriarte, 975 F.3d 596, 602 & n.3 (7th Cir. 2020) (en banc) (stating in dictum that where a defendant's sentence is vacated after the First Step Act's enactment, he would not be entitled to application of the revised penalties at resentencing).

12

the extent the government believes the life sentence imposed in this case remains appropriate. See id. at 556 (suggesting plenary resentencing may be the appropriate remedy in analogous circumstances).

In addition, the potential significant reduction in petitioner's statutory range and the fact that Congress has deemed the prior range unfairly harsh support plenary resentencing. See Hillary, 106 F.3d at 1171 (discussing district court's broad and flexible power to determine the appropriate remedy in a § 2255 proceeding); cf. United States v. McCoy, 981 F.3d 271, 285 (4th Cir. 2020) (concluding that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for [compassionate release from custody]"). Notably, defendant effectively was sentenced to life imprisonment at the age of 22 based on the four armed robberies forming the basis of the § 924(c) convictions. His prior "adult" criminal history consists entirely of six felony burglaries committed during a two-month period at the age of 15. (PSR (DE 162) ¶¶ 27–31). These unique circumstances, together with the fact that Congress has deemed the punishment in this case excessive, also inform the court's decision to order plenary resentencing. That being said, the court recognizes the violent nature of the numerous Hobbs Act robberies committed in this case and does not in any way mean to preview the ultimate sentence.

Finally, as respondent notes, "the goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first place." Hadden, 475 F.3d at 665 (internal quotations omitted). It is true that plenary resentencing under current law places petitioner in a better position that he would have been had the court not erred in the first instance. The statute, however, permits vacatur of the sentence and plenary resentencing, and

13

nothing in Hadden's specific holdings, as opposed to the dictum quoted above, suggests that the court is constrained to apply the law as it existed on the date of the original sentencing with the exception of the erroneous ACCA enhancement. See id. at 661. Indeed, courts routinely use current sentencing law in the context of plenary resentencing following grant of habeas relief. See United States v. Fluker, 891 F.3d 541, 547 (4th Cir. 2018) (endorsing district court's decision to use the current Guidelines manual on resentencing after granting habeas relief); see also Bethea, 841 F. App'x at 552, 556 (requiring district court to apply the amended First Step Act penalties notwithstanding the fact that this placed defendant in a better position than he would have been had no error occurred).

In sum, the court finds plenary resentencing is the appropriate remedy in this case.

## CONCLUSION

Based on the foregoing, petitioner's motions to vacate (DE 210, 213, 217, 264) and for clarification (DE 263) are GRANTED in part and DENIED in part. Respondent's motions to dismiss (DE 258, 265) also are GRANTED in part and DENIED in part, and the motion to stay (DE 269) is DENIED as moot. In particular, the motions to dismiss are granted as to all claims challenging petitioner's convictions. The motions to dismiss are denied as to the claim challenging petitioner's ACCA sentence, and the motions to vacate are granted solely with respect to the ACCA claim. Petitioner's sentence is VACATED in its entirety and the court orders plenary resentencing.

United States Probation is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties a modification to the presentence investigation report, including recalculation of petitioner's statutory and Guidelines sentencing ranges based on current law and

14

the terms of this order, within **30 days**. Objections to the report (if any) and accompanying memoranda shall be filed on the docket within **14 days** of service of the modification. The clerk is DIRECTED to schedule resentencing during the court's **April 2022 term**. Any sentencing memoranda, motions for upward departure or variance, and any statements, letters, affidavits, or other written communication concerning character of the defendant shall be filed no later than **seven days** before the resentencing hearing.

    SO ORDERED, this the 5th day of January, 2022.

                                            LOUISE W. FLANAGAN
                                            United States District Judge